UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

CLAUDIUS ENGLISH,
      a/k/a "Jay Barnes,"
      a/k/a "Brent English,"

          Defendant.

18 Cr. 492 (PGG)

## THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

Michael Krouse
Ni Qian
Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.

CLAUDIUS ENGLISH,
        a/k/a "Jay Barnes,"
        a/k/a "Brent English,"

                Defendant.

18 Cr. 492 (PGG)

---

## THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests that the Court include the following in its charge to the jury.

Table of Contents

General Requests ............................................................................................. 1

The Indictment ............................................................................................... 2

Summary of Indictment ................................................................................ 3

Multiple Counts ............................................................................................. 4

Count One: Sex Trafficking Conspiracy – The Statute and Overview ....................................... 5

Count One: Sex Trafficking Conspiracy – The Elements .............................................. 6

Count One: Sex Trafficking Conspiracy – First Element (Existence of the Conspiracy) .......... 7

Count One: Sex Trafficking Conspiracy – Second Element (Membership in the Conspiracy) 11

Count One: Sex Trafficking Conspiracy – Second Element ("Willfully," and "Knowingly"
Defined) ...............................................................................**Error! Bookmark not defined.**

Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – The Statute.................... 13

Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – The Elements ................ 14

Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – First Element (Prohibited
Acts)............................................................................................................ 15

Count Five: Sex Trafficking by Force, Fraud, or Coercion – First Element: Unanimity Not
Required ........................................................................................................ 17

Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – Second Element (Age of
the Minor) ..................................................................................................... 18

Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – Second Element
(Alternative Basis for Knowledge of Age) ...............................**Error! Bookmark not defined.**

Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – Second Element
(Knowledge Requirement).......................................................**Error! Bookmark not defined.**

Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – Third Element (In or
Affecting Interstate Commerce) ........................................................................ 20

Counts Five, Six, and Seven: Attempted Sex Trafficking of a Minor – The Statute............... 22

Counts Five, Six, and Seven: Attempted Sex Trafficking of a Minor – The Elements........... 23

Count Nine: Kidnapping – The Statute.............................................................. 25

Count Nine: Kidnapping – The Elements ........................................................... 26

Count Nine: Kidnapping – First Element (Prohibited Acts)..................................... 27

Count Nine: Kidnapping – Second Element (Purpose of Kidnapping) ..................... 28

Count Nine: Kidnapping – Third Element (Interstate Commerce).......................... 29

Count Nine: Kidnapping – Fourth Element (Knowing and Willful Conduct)......................... 30

Count Nine: Kidnapping – Special Interrogatory (Victim Age).............................. 31

Count Ten: Brandishing a Firearm – The Statute ................................................. 32

Count Ten: Brandishing a Firearm – The Elements .............................................. 33

Count Ten: Brandishing a Firearm – First Element (Offense in Count Nine)..........................34

Count Ten: Brandishing a Firearm – Second Element (Crime of Violence)..........................35

Count Ten: Brandishing a Firearm – Third Element (Prohibited Acts)...................................36

Count Ten: Brandishing a Firearm – Third Element (Connection to Kidnapping) .................38

Count Ten: Brandishing a Firearm – Fourth Element (Knowingly and Unlawfully)..............39

Count Ten: Brandishing a Firearm – Special Interrogatory (Brandishing) ............................40

Venue ....................................................................................................................................41

Time of Offense ....................................................................................................................42

Law Enforcement and Government Employee Witnesses......................................................43

Formal / Informal Immunity of Government Witnesses.........................................................44

Expert Testimony...................................................................................................................46

Character Testimony..............................................................................................................47

Defendant's Testimony..........................................................................................................48

Defendant's Right Not to Testify...........................................................................................49

False Exculpatory Statements ...............................................................................................50

Uncalled Witnesses – Equally Available to Both Sides ........................................................51

Particular Investigative Techniques Not Required ................................................................52

Persons Not on Trial ..............................................................................................................53

Preparation of Witnesses.......................................................................................................54

Charts and Summaries – Not Admitted As Evidence ............................................................55

Charts and Summaries – Admitted as Evidence ....................................................................56

Use of Recordings, Text Messages and E-Mails ..................................................................57

Stipulations ...........................................................................................................................59

Use of Evidence Obtained Pursuant to a Search....................................................................58

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.      Function of Court and Jury

b.      Jury's Recollection Governs

c.      Note-Taking by Jurors

d.      Burden of Proof and Presumption of Innocence

e.      Reasonable Doubt

f.      Government Treated Like Any Other Party

g.      Motions, Objections, and Questions by the Court

h.      Indictment Not Evidence

i.      Duty to Weigh Evidence Without Prejudice

j.      Direct and Circumstantial Evidence

k.      Circumstantial Evidence of Knowledge, Willfulness, and Intent

l.      Inferences

m.      Statements of Court and Counsel Not Evidence

n.      Improper Considerations

o.      Credibility of Witnesses

p.      Each Count To Be Considered Separately

q.      Verdict on Each Count Must Be Unanimous

r.      Sympathy: Oath as Jurors

s.      Punishment Is Not To Be Considered by the Jury

t.      Right to See Exhibits and Have Testimony Read During Deliberations

**REQUEST NO. 2**

**The Indictment**

The defendant, CLAUDIUS ENGLISH, has been formally charged in what is called an Indictment, a copy of which will be provided to you.  An Indictment is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of the defendant's guilt.  It creates no presumption, and it permits no inference that the defendant is guilty.  You are to give no weight to the fact that an Indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

2

## REQUEST NO. 3

### Summary of Indictment

The Indictment contains ten counts, or "charges." Count One of the Indictment charges the defendant with conspiring with others to engage in sex trafficking of minors in or about 2013, in violation of Title 18, United States Code, Section 1594(c). Counts Two, Three, Four, and Eight of the Indictment each charge the defendant with sex trafficking a minor girl that the defendant knew or recklessly disregarded was under 18 years old, and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591. Those girls are identified as Minor Victims-1, -2, -3, and -7.

Counts Five, Six, and Seven of the Indictment each charge the defendant with attempted sex trafficking of a minor girl that the defendant knew or recklessly disregarded was under 18 years old, and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591. Those girls are identified as Minor Victims-4, -5, and -6.

Count Nine of the Indictment charges the defendant with kidnapping Minor Victim-7, in violation of Title 18, United States Code, Section 1201.

Count Ten of the Indictment charges the defendant with brandishing a firearm during a crime of violence—namely, the kidnapping Minor Victim-7—in violation of Title 18, United States Code, Section 924(c).

## REQUEST NO. 4

## Multiple Counts

As I just indicated, the Indictment contains a total of ten counts. Each count constitutes a separate offense or crime. You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged. There is one exception: If you find the defendant not guilty on Count Nine, you must find him not guilty on Count Ten.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8,
*see United States v. Sanzo*, 673 F.2d 64 (2d Cir. 1982).

**REQUEST NO. 5**

**Count One: Sex Trafficking Conspiracy – The Statute and Overview**

Count One charges the defendant with willfully and knowingly participating in a conspiracy, in or about 2013, to commit sex trafficking, in violation of Section 1594 of Title 18 of the United States Code.  Section 1594 provides as follows: "Whoever conspires with another to violate Section 1591 [is guilty of a crime]."

The alleged object of the conspiracy was to violate Section 1591 of Title 18 of the United States Code, which prohibits sex trafficking of minors.

In Count One, the defendant is accused of having been a member of a conspiracy to commit sex trafficking of minors.  A conspiracy is a kind of criminal partnership—an agreement of two or more persons to join together to accomplish some unlawful purpose.  It is an entirely separate and different offense from the substantive crime which may be the objective of the conspiracy.  Indeed, you may find the defendant guilty of the crime of conspiracy, even if you find that the substantive crime which was the object of the conspiracy was never actually committed.  Of course, if the defendant participates in a conspiracy and the crime or crimes which were the object of the conspiracy were in fact committed, the defendant may be guilty of both the conspiracy and the substantive crime.  The point simply is that the crime or crimes that were the objective of the conspiracy need not have been actually committed for a conspiracy to exist.

> Adapted from the charge of the Honorable William H. Pauley III in *United States v. Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. Apr. 30, 2010); and the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).  *See United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal."); Sand, *Modern Federal Jury Instructions*, Instr. 16-12; *see also Whitfield v. United States*, 543 U.S. 209, 213-14 (2005).

**REQUEST NO. 6**

**Count One: Sex Trafficking Conspiracy – The Elements**

In order to meet its burden of proving that the defendant is guilty of the sex trafficking conspiracy charged in Count One of the Indictment, the government must establish beyond a reasonable doubt each of the following elements:

First, the charged conspiracy existed.  That is, there existed an agreement or understanding between two or more persons to violate the laws of the United States that make it a crime to commit sex trafficking of minors; and

Second, the defendant knowingly and willfully became a member of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 16-12; *see also Whitfield v. United States*, 543 U.S. 209, 213-14 (2005).

**REQUEST NO. 7**

**Count One: Sex Trafficking Conspiracy – First Element (Existence of the Conspiracy)**

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is the existence of a conspiracy.  What is a conspiracy?  As I mentioned just a few minutes ago, a conspiracy is an agreement, or an understanding, of two or more persons to accomplish, by concerted action, a criminal or unlawful purpose.  In this instance, the unlawful purpose alleged to have been the object of the conspiracy charged in Count One was the sex trafficking of minors.

The essence of the crime of conspiracy is the unlawful agreement between two or more people to violate the law.  The success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not an element of that crime.

The conspiracy alleged here is the agreement to commit the crime, and it is an entirely distinct and separate offense from the actual commission of the crime.

Now, to show a conspiracy, the government is not required to show that two or more persons sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to an unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, agreed to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to

carry out the apparent criminal purpose. The old adage, "actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of actions and statements on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment. In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements. It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met so as to bring about an agreement to accomplish the objectives of the conspiracy charged in the Indictment.

The Indictment alleges that the goal of the conspiracy was sex trafficking of minors, in violation of Section 1591 of Title 18 of the United States Code, which provides in pertinent part:

> Whoever knowingly, (1) in or affecting interstate . . . commerce . . . recruits, entices, harbors, transports, provides, obtains, maintains by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or in reckless disregard of the fact . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act [is guilty of a crime].[1]

---

[1] The Government notes that the applicable version of Title 18, Section 1591 is the one in effect at the time of the conspiracy, in 2013. The Indictment currently cites to the 2018 version of Title 18, Section 1591 in Counts Two, Three, Four, and Eight. The defendant, through his counsel,

Thus, the government must prove beyond a reasonable doubt that at least two alleged conspirators came to an agreement, either spoken or unspoken, to do one or more of the acts I have just described.

<u>Liability for Acts and Declarations of Co-Conspirators</u>

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed or made by persons who, the Government charges, were also confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against the defendant has to do in part with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant. This is so even if such acts were committed or such statements were made in the defendant's absence, and without his knowledge.

---

has consented to the Indictment be presented in a redacted form to the jury such that the statutory language corresponds with the version of the statute in effect in 2013.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

Adapted from the charge given by the Honorable Kimba M. Wood
in *United States v. Almonte*, 16 Cr. 670 (KMW) (S.D.N.Y.)

## REQUEST NO. 8

### Count One: Sex Trafficking Conspiracy – Second Element (Membership in the Conspiracy)

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy alleged in Count One existed, then you must determine the second question: whether the defendant knowingly and willfully participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

The government must prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy with a criminal intent—that is, with a purpose to violate the law—and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

### "Willfully" and "Knowingly"

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his conscious objective, rather than the product of force, mistake, accident, mere negligence, or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.  For example, you have before you the evidence of certain acts, messages, and conversations alleged to have taken place involving the defendant or in his presence.  You may consider this evidence in determining whether the government has proven beyond a reasonable doubt the defendant's knowledge of the unlawful purposes of the conspiracy.

In addition, the duration and extent of the defendant's participation has no bearing on the issue of his guilt.  He need not have joined the conspiracy at the outset.  The defendant may have joined it for any purpose at any time in its progress, and he will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a

11

member.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.

However, I want to caution you that a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  A person may know, be friendly with, or be related to a conspirator, without being a member of the conspiracy.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without agreement and participation is not sufficient.  I also want to caution you that mere knowledge or acquiescence, without participation in the unlawful plan, is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, to find the defendant guilty, you must find that the government proved beyond a reasonable doubt that the defendant had an understanding of the unlawful nature of the conspiracy, and intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, he becomes a conspirator.

> Adapted from the charges given in *United States v. Ilya Voruch*, 08 Cr. 820 (GBD) and *United States v. Edmund Boyle*, 08 Cr. 523 (CM); *United States v. Tone Grant*, 05 Cr. 1192 (NRB); *United States v. Angelo Nicosia*, 07 Cr. 907 (SAS); *United States v. Xiang Chen*, 02 Cr. 300 (LAK); *see also* Sand, et al., *Modern Federal Jury Instructions*, Instr. 19-6.

## REQUEST NO. 9

**Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – The Statute**

Counts Two, Three, Four, and Eight of the Indictment charge that the defendant engaged

in the crime of sex trafficking of a minor under the age of 18, in violation of Title 18, United

States Code, Section 1591, which provides, in pertinent part:

> Whoever knowingly, (1) in or affecting interstate . . . commerce . . .
> recruits, entices, harbors, transports, provides, obtains, maintains by
> any means a person; or (2) benefits, financially or by receiving
> anything of value, from participation in a venture which has engaged
> in an act described in violation of paragraph (1), knowing, or in
> reckless disregard of the fact . . . that the person has not attained the
> age of 18 years and will be caused to engage in a commercial sex
> act [is guilty of a crime].

**REQUEST NO. 10**

**Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – The Elements**

To find the defendant guilty of Counts Two, Three, Four, and Eight, you must find that the government has proven each of the following elements beyond a reasonable doubt:

<u>First</u>, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained a person by any means;

<u>Or, in the alternative:</u>

The defendant knowingly benefitted, financially or by receiving anything of value, from participating in a venture that recruited, enticed, harbored, transported, provided, obtained or maintained a person;

<u>Second</u>, the defendant knew or recklessly disregarded the fact that the victim was under 18 years of age and would be caused to engage in a commercial sex act, OR the defendant had a reasonable opportunity to observe the minor; and

<u>Third</u>:  The defendant's acts were in or affecting interstate commerce.

> Adapted from 18 U.S.C. § 1591(a)(1), (a)(2), & (c);
> Sand, *Modern Federal Jury Instructions*, Instr. 47A-18.

**REQUEST NO. 11**

**Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – First Element
(Prohibited Acts)**

The first element of the crime of sex trafficking is that the defendant either: (1)
knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained the victim
by any means; **OR** (2) knowingly benefitted, financially or by receiving anything of value, from
participating in a venture that recruited, enticed, transported, provided, obtained or maintained a
person.

Therefore, there are two different ways for the Government to satisfy the first element.
The first is by proving that the defendant himself knowingly engaged in one of the prohibited
trafficking acts; that is, recruiting, enticing, harboring, transporting, providing, obtaining, or
maintaining a person.  The second way is by proving that the defendant knowingly took part in a
venture that engaged in one of those trafficking activities and benefitted financially or by
receiving a thing of value, from that venture.  The Government does not have to prove that the
defendant violated the statute both ways.

With respect to your consideration of whether the defendant knowingly engaged in these
acts, I instruct you to use the ordinary, everyday definitions of these terms.  "**Recruit**" means to
seek to enroll.  "**Entice**" means to attract, induce or lure using hope or desire.  "**Harbor**" means
to give or provide shelter to, such as in a house or other place.  "**Transport**" means to take or
convey from one place to another.  "**Provide**" means to furnish, supply or make available.
"**Obtain**" means to gain possession of or acquire. "**Maintain**" means to keep in an existing state
or support.

The second, or alternative, way to prove the first element of sex trafficking is for the
Government to show that there was a venture that engaged in recruiting, enticing, harboring,

15

transporting, providing, obtaining, or maintaining a person, that the defendant knowingly participated in some way in that venture, and that the defendant knowingly benefitted, financially or by receiving anything of value, from that venture.

To benefit, financially or by receiving anything of value, from a venture, the defendant must receive some form of profit, benefit, value or advantage, no matter how minor, or intangible from the venture.

Of course, if you find that the defendant himself recruited, enticed, harbored, transported, provided, obtained, or maintained, a person, you need not consider whether or not that defendant benefitted from doing so.

The government must prove that the defendant acted knowingly in either the prohibited trafficking activity or in joining in a venture that engaged in a prohibited trafficking activity. An act is done "knowingly" if it is done deliberately and purposely; that is, the defendant's actions must have been him conscious objective rather than a product of a mistake or accident, or mere negligence or some other innocent reason.

> *Smith v. United States*, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning."); Webster's Ninth New Collegiate Dictionary (9th ed. 1983) (defining "recruit," "harbor," "transport," "provide," "obtain," "entice," "maintain"); 18 U.S.C. § 1591(e)(5) (defining "venture"); *United States v. Williams*, 705 F.2d 603, 623 (2d Cir. 1983) (construing "anything of value" language broadly in context of bribery statute); *United States v. Herrera*, 584 F.2d 1137, 1144 (2d Cir. 1978) (defining "harboring" for purposes of 8 U.S.C. § 1324).

## REQUEST NO. 12

### Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – First Element (Unanimity About Means Not Required)

In deciding whether or not the first element of the sex trafficking statute has been satisfied, you need not all agree that the Government has proven the element the first way or the second way.  Stated differently, you need not all agree the defendant actually recruited, enticed, harbored, transported, provided, obtained, or maintained a person, or also all agree that the defendant participated in a venture that did one of those things and benefitted thereby.  You need only agree that the Government has proven beyond a reasonable doubt that the defendant did one or the other of those two alternatives that I described for you.

> *See United States v. Paris*, No. 03:06-CR-64(CFD), 2007 WL 3124724, at *12 (D. Conn. Oct. 24, 2007) (finding that "[j]urors are required to unanimously conclude that the elements of an offense are satisfied, but are not required to unanimously agree on which means a defendant used to commit a particular element"). *See also Richardson v. United States*, 526 U.S. 813, 817 (1999) (finding that "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime"); *Schad v. Arizona*, 501 U.S. 624, 631(1991) (same); *United States v. Powell*, 2006 WL 1155947, at * 1 (N.D. Ill. April 28, 2006) (grouping of two different means of violating 18 U.S.C. § 1591 into a single count was not improper given that the jury is "not required to unanimously agree by which means a defendant committed a crime") (citing *Schad*);*United States v. Yeaman*, 194 F.3d 442, 453-54 (3d Cir. 1999) (same); *United States v. Weller*, 238 F.3d 1215, 1220 (10th Cir. 2001) (distinguishing means from elements); *United States v. Powell*, 226 F.3d 1181, 1195 (10th Cir. 2000) (same); *United States v. Dean*, 969 F.2d 187, 195 (6th Cir. 1992) ("The conviction may be upheld upon proof of either of the alternative means of committing the offense."); *United States v. Hathaway*,798 F.2d 902, 913 (6th Cir. 1986) (an "indictment count that alleges in the conjunctive a number of means of committing a crime can support a conviction if any of the alleged means are proved").

**REQUEST NO. 13**

**Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – Second Element (Age of the Minor)**

The second element of sex trafficking requires the Government to prove beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the minor OR the defendant knew or recklessly disregarded the fact that the minor was under 18 years of age and would be caused to engage in a commercial sex act.

The term "commercial sex act" means "any sex act, on account of which anything of value is given to or received by any person."  It is not relevant whether or not any minor victim was a willing participant in performing commercial sex acts.  Consent by the minor is not a defense to the charges in Counts Two, Three, Four, and Eight of the Indictment.

<u>**Knowledge Requirement**</u>

In considering whether the defendant knew that the victim had not attained the age of 18, please apply the definition of "knowingly" previously provided to you.  Remember, whether a defendant acted knowingly may be proven by what the defendant said and did and by all the facts and circumstances surrounding the case, since direct proof of a person's state of mind is rarely available.

In order to prove beyond a reasonable doubt that the defendant "recklessly disregarded" the fact that the victim was under 18 years of age, the Government must prove that the defendant deliberately closed his eyes to what would otherwise have been obvious to him.  No one can avoid responsibility for a crime by deliberately ignoring what is obvious.  A finding beyond a reasonable doubt of the intent of the defendant to avoid knowledge or enlightenment would permit the jury to find that this element has been satisfied.  Stated another way, a person's

18

reckless disregard of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.  Guilty knowledge may not, however, be established by demonstrating that a defendant was merely negligent, foolish, or mistaken.  Additionally, if you find that the defendant actually believed that the victim was at least 18, he may not be convicted under this theory.

I further instruct you that the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge.

### Alternative Basis for Knowledge of Age

In addition, the government may prove this element by proving that the defendant had a reasonable opportunity to observe the person.  If you find that the defendant had a reasonable opportunity to observe the victim, the government need not prove that the defendant knew that the victim had not attained the age of 18 years, with respect to Counts Two, Three Four, and Eight.  You may find that the defendant had a reasonable opportunity to observe a person if the defendant had an in-person, face-to-face interaction with the person.

The government is not required to prove that the defendant knew that his acts were unlawful.

Adapted from the charge given by the Honorable Kimba M. Wood
in *United States v. Almonte*, 16 Cr. 670 (KMW) (S.D.N.Y.); Sand,
*Modern Federal Jury Instructions*, Instr. 47A-20.

**REQUEST NO. 14**

**Counts Two, Three, Four, and Eight: Sex Trafficking of a Minor – Third Element (In or Affecting Interstate Commerce)**

To satisfy the third and final element of the crime of sex trafficking of a minor, the government must prove beyond a reasonable doubt that the defendant's sex trafficking activities were in interstate commerce or affected interstate commerce.  The government need not prove both that the activities were in interstate commerce and affected interstate commerce.

I instruct you that acts and transactions that cross state lines, or which affect the flow of money in the stream of commerce, to any degree, however minimal, are acts and transactions affecting interstate commerce.

It is not necessary for the government to prove that the defendant specifically knew or intended that the recruiting, enticing, harboring, transporting, providing, maintaining, or obtaining a person to engage in commercial sex acts would affect interstate commerce; it is only necessary that the natural consequences of such conduct would affect interstate commerce in some way, however minimal.

If you find beyond a reasonable doubt that the recruitment, enticement, harboring, transportation, providing, maintaining, or obtaining a person for the purpose of engaging in commercial sex acts was economic in nature and involved interstate commercial activity, s using hotels, or was economic in nature and otherwise affected the flow of money to any degree, however minimal, you may find that the interstate commerce requirement of the offense of sex trafficking of a minor has been satisfied.

I further instruct you that to find that this element has been proven beyond a reasonable doubt, it is not necessary for you to find that any interstate travel occurred.  Proof of actual travel is not required.

18 U.S.C. § 1591; *United States v. Angelilli,* 660 F.2d 23, 35 (2d Cir. 1981) (This requirement "may be satisfied by a showing of a very slight effect on interstate commerce.  Even a potential or subtle effect on commerce will suffice."); *United States v. Holston*, 343 F.3d 83, 91 (2d Cir. 2003) (acts and transactions which are economic in nature and affect the flow of money in the stream of commerce to any degree, however minimal, "affect" interstate commerce); *United States v. King*, 276 F.3d 109 (2d Cir. 2002) (acts and transactions which cross state lines are "in" interstate commerce); *United States v. Paris*, No. 03:06-CR-64(CFD), 2007 WL 3124724, at *8 (D. Conn. Oct. 24, 2007) (use of cell phones, use of hotel rooms and distribution of condoms all affected interstate commerce in sex trafficking venture).

## REQUEST NO. 15

**Counts Five, Six, and Seven: Attempted Sex Trafficking of a Minor – The Statute**

Counts Five, Six, Seven of the Indictment charge that the defendant attempted to engage in sex trafficking of minors under the age of 14, in violation of Title 18, United States Code, Section 1594, which provides as follows: "Whoever attempts to violate Section 1591 [is guilty of a crime]."

**REQUEST NO. 16**

**Counts Five, Six, and Seven: Attempted Sex Trafficking of a Minor – The Elements**

In order to find the defendant guilty of Counts Five, Six, and Seven, the Government must prove beyond a reasonable doubt that:  (1) the defendant intended to commit the crime of sex trafficking, as I have described that crime to you already; and (2) the defendant willfully took some action that was a substantial step, in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that he intended to commit the crime charged, and that he took some action that was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, you must distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.  Mere preparation, without more, is not an attempt.  On the other hand, some preparations when taken together may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt where the acts themselves indicate an intent to willfully commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

There is no requirement that the attempt be successful or that the defendant actually have carried out the crime he was trying to commit.

If you find beyond a reasonable doubt that the defendant attempted to commit the crimes charged in Counts Five, Six, and Seven, then he is guilty with respect to that Count.

> Adapted from the charge of the Hon. Edgardo Ramos in *United States v. El Gammal*, 15 Cr. 588 (ER) (S.D.N.Y. 2017) (Tr. 1966-67); the charge of the Hon. Lewis A. Kaplan in *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2006) (Tr. 2496-97); the charges of the Hon. John F. Keenan in *United States v. Kassir*,

23

S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2271-72), and *United States v. Haouari*, 00 Cr. 15 (JFK) (S.D.N.Y. 2001) (Tr. 1013-14); and Sand, *Modern Federal Jury Instructions*, Instrs. 10-1, 10-3.

## REQUEST NO. 17

### Count Nine: Kidnapping – The Statute

Count Nine of the Indictment charges that the defendant kidnapped a minor under the age

of 18, in violation of Title 18, United States Code, Section 1201, which provides, in part:

> Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or
> carries away and holds for ransom or reward or otherwise any person, except
> in the case of a minor by the parent thereof, when—(1) the person is willfully
> transported in interstate or foreign commerce . . . or the offender . . . uses the
> mail or any means, facility, or instrumentality of interstate or foreign
> commerce in committing or in furtherance of the commission of the offense
> [is guilty of a crime]

**REQUEST NO. 18**

**Count Nine: Kidnapping – The Elements**

In order to meet its burden of proving that the defendant is guilty of kidnapping as charged in Count Nine of the Indictment, the government must establish beyond a reasonable doubt each of the following elements:

First, the defendant seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away the victim;

Second, the defendant held the victim for ransom or reward or for any other reason;

Third, the victim was transported in interstate or foreign commerce, or the defendant used the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; and

Fourth, the defendant acted unlawfully, knowingly, and willfully.

Additionally, you must determine whether the victim was under 18 years old at the time of the kidnapping.

> Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 42-2

26

**REQUEST NO. 19**

**Count Nine: Kidnapping – First Element (Prohibited Acts)**

The first element that the Government must prove beyond a reasonable doubt is that the defendant you are considering seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away the victim.

To "Kidnap" means to take and carry away a person by force and against his or her will.

To "Seize," "confine," "abduct," and "carry away" all mean the physical or bodily taking and carrying away of a person, or the holding or restriction of someone by force or without that person's consent.

To "Inveigle" means to entice, cajole, or tempt a victim, usually through some deceitful means such as false promises or representations.

To "Decoy" means to entice or lure a victim by means of some fraud, trick, or temptation.  Inveigling and decoying involve the non-forcible takings of a victim by which a kidnapper lures or entices the victim into accompanying him.

To find that the defendant you are considering inveigled or decoyed the hostage into accompanying him, you must find beyond a reasonable doubt that the defendant you are considering had the willingness and intent to use physical or psychological force to complete the kidnapping in the event that his deception failed.

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*,
Instr. 42-3

## REQUEST NO. 20

### Count Nine: Kidnapping – Second Element (Purpose of Kidnapping)

The second element that the Government must prove beyond a reasonable doubt is that defendant you are considering held the victim for some purpose intended to benefit the defendant.  In order to satisfy this element, the Government need not prove that the reason the defendant you are considering took the victim was for reward or pecuniary gain.  It is sufficient to satisfy this element if the Government proves that at the time the defendant you are considering took the victim, he did so for some purpose intended to benefit the defendant.  For example, intending to use the victim for sex or for prostitution constitutes benefit for the purpose of this element.

> *See United States v. Graham,* 14 Cr 500, 2018 WL 798742, at *5 (Feb. 7, 2018) (finding that the defendant's plea allocution that after "he seized, confined, kidnaped, abducted, and held the victim without her consent, he forced the victim to have sex with him, and that he intended to force the victim to engage in 'tricking' (prostitution) for his own financial gain" was sufficient to meet all three elements of the crime of kidnapping); Adapted from Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 42-4 & Comment.

28

**REQUEST NO. 21**

**Count Nine: Kidnapping – Third Element (Interstate Commerce)**

The third element that the Government must prove beyond a reasonable doubt is that the victim was willfully transported in interstate or foreign commerce, or the defendant used the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

Interstate commerce simply means movement across a state line.

Foreign commerce means movement to or from the United States.

The Government may satisfy this element by proving beyond a reasonable doubt that the defendant transported the victim in interstate commerce in committing or in furtherance of the commission of the offense, or that he used the United States mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.  The term "means, facility, or instrumentality of interstate or foreign commerce" includes the use of the telephone or the Internet in furtherance of the commission of the offense.

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 42-5

29

**REQUEST NO. 23**

**Count Nine: Kidnapping – Fourth Element (Knowing and Willful Conduct)**

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant acted unlawfully, knowingly and willfully.

Unlawfully simply means contrary to law.

An act is done knowingly if done purposely and intentionally, as opposed to mistakenly or inadvertently.

An act is done willfully if it is done knowingly and with the intent to do something the law forbids, or with a bad purpose either to disobey or disregard the law.

In order to satisfy this element the Government must show that the defendant knew that the victim was not accompanying him or remaining with him voluntarily but rather was forced, coerced, or tricked to do so.

> Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 42-6

**REQUEST NO. 23**

**Count Nine: Kidnapping – Special Interrogatory (Victim Age)**

If you find the Defendant guilty on this count, you must indicate in the space provided on the verdict form whether you found beyond a reasonable doubt that the victim of the kidnapping was under the age of 18 at the time.  As with all questions on the verdict form, you must unanimously agree on this fact.

**REQUEST NO. 24**

**Count Ten: Brandishing a Firearm – The Statute**

Count Ten of the Indictment charges that the defendant violated Title 18, United States Code, Section 924, by using, carrying, possessing, and brandishing a firearm in connection with the kidnapping charged in Count Nine.  Section 924 states, in relevant part, that:

> any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm [is guilty of a crime].

**REQUEST NO. 25**

**Count Ten: Brandishing a Firearm – The Elements**

In order to meet its burden of proving that the defendant is guilty of the firearms offense charged in Count Ten of the Indictment, the government must establish beyond a reasonable doubt each of the following elements:

<u>First</u>, the defendant committed the offense charged in Count Nine.

<u>Second</u>, the kidnapping charged in Count Nine is a crime of violence.

<u>Third</u>, the defendant knowingly used and carried a firearm during and in relation to the commission of the offense in Count Nine, or knowingly possessed a firearm in furtherance of the kidnapping charged in Count Nine.

<u>Fourth</u>, the defendant acted knowingly and unlawfully.

> Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 42-6

**REQUEST NO. 26**

**Count Ten: Use, Carrying or Possession of a Firearm – First Element (Offense in Count Nine)**

As noted, Count Ten charges that the defendant knowingly used, carried, possessed, and brandished a firearm in connection with the kidnapping charged in Count Nine of the Indictment. This means that if you find that the defendant is not guilty of the kidnapping in Count Nine, then you cannot consider Count Ten.  But if you find the defendant guilty of Count Nine, then you must consider Count Ten.

> Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 35-88

**REQUEST NO. 27**

**Count Ten: Use, Carrying, or Possession of a Firearm – Second Element (Crime of Violence)**

The next element that the Government must prove is that the offense charged in Count Nine is a crime of violence prosecutable in a court of the United States.  A "crime of violence" is an offense that by its nature involved a substantial risk that physical force against the person or property of another might be used in the course of committing the offense.  "Physical force" means force capable of causing physical pain or injury to a person or injury to property.

Adapted from the charge given by the Honorable Richard J. Sullivan
in *United States v. Akayed Ullah*, 18 Cr. 16 (RJS) (S.D.N.Y.)

## REQUEST NO. 28

### Count Ten: Use, Carrying or Posession of a Firearm – Third Element (Prohibited Acts)

The third element the Government must prove beyond a reasonable doubt is that on or about November 16, 2013, the defendant used or carried or possessed a firearm.

A "firearm" under this statute means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."  Common sense tells you that a gun meets the statutory definition of a firearm.  It does not matter whether the gun was loaded or operable at the time of the crime.

"Use" of a firearm means an active employment of the firearm by the Defendant.  This does not mean that the Defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon.  Brandishing, displaying, or even referring to the weapon so that others present know that the Defendant has the firearm available if needed all constitute use of the firearm.  But the mere possession of a firearm at or near the site of the crime without active employment as I just described it is not sufficient to constitute use of the firearm.

"Carrying" a firearm is different from "using" it.  While "use" requires active employment of a firearm, "carrying" does not.  A person "carries" a firearm when he or she knowingly holds, moves, conveys, or transports it in some manner on his or her person, in a bag or other container, or in her vehicle.

"Possession" of a firearm means that the Defendant either had physical possession of the firearm on his or her person or that he or she had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm.  Mere presence in a place where a firearm is located is not enough.  A person need not have physical custody of an object to be in legal possession of it, so long as he or she has the ability to exercise substantial control over an object and the intent to exercise such control, and the firearm is

immediately available to him or her.  More than one person can have control over the same firearm.  The law recognizes that possession may be sole or joint.

Control over an object may be demonstrated by the existence of a relationship between one person having the power or ability to control the item, and another person who has the actual physical custody.  The person having control "possesses" the firearm because he or she has a relationship with the person who has actual physical custody of the firearm and because he or she can direct the movement or transfer or disposition of the firearm.  In addition, an individual may have possession of an item that is not found on his or her person, because that individual has a relationship to the location where the item is maintained.  In this manner, for example, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 35-89

**REQUEST NO. 29**

**Count Ten: Use, Carrying, or Possession of a Firearm – Third Element (Connection to Kidnapping)**

The Government also must prove beyond a reasonable doubt that the defendant's use or carrying of the firearm was during and in relation to the crime of violence, or his possession of the firearm was in furtherance of such a crime.

The phrase "during and in relation to" should be given its ordinary meaning.

"Possessed a firearm in furtherance of a crime" requires both that the defendant had possession of the firearm – either physically or because it was within his dominion and control – and that such possession helped forward, advance, or promote the commission of the crime, or was an integral part of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some essential part in furthering the crime for this element to be satisfied on the basis of the defendant's possession of the firearm.

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 35-89

**REQUEST NO. 30**

**Count Ten: Use, Carrying, and Possession of a Firearm – Fourth Element (Knowingly and Unlawfully)**

The fourth element the Government must prove beyond a reasonable doubt for Count Ten is that the defendant knew that he was carrying or using a firearm during and in relation to the underlying crime, or knew that he was possessing a firearm in furtherance of the underlying crime, and that the defendant acted unlawfully and knowingly in doing so. I have already defined "unlawfully" and "knowingly."

To satisfy this element, you must find that the defendant had knowledge that what he was carrying or using or possessing was a firearm as that term is generally used. The government must also prove that the defendant knew what he was doing – that he knew that he was carrying or using a firearm during and in relation to the commission of a crime of violence or possessing a firearm in furtherance of those crimes. It is not necessary, however, for the government to prove that the defendant knew that he was violating any particular law.

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 35-89

**REQUEST NO. 31**

**Count Ten: Use, Carrying, and Possession of a Firearm – Special Interrogatory (Brandishing)**

If you find the defendant guilty on this count, you must also indicate in the space provided on the verdict form whether the government has proven beyond a reasonable doubt that during the use, carrying, or possession of the firearm, the defendant brandished the firearm.

To "brandish" a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

As with all questions on the verdict form, you must unanimously agree on this fact.

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 35-90

## REQUEST NO. 32

## Venue

Now, in addition to dealing with the elements of Counts One through Ten, you must also consider the issue of venue as to each count, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York. The Southern District of New York encompasses the following counties: New York County (*i.e.*, Manhattan), the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties. Accordingly, anything that occurs in the Bronx, Manhattan, or any of those other counties occurs in the Southern District of New York.

It is sufficient to satisfy the venue requirement if any act by anyone in furtherance of the crimes charged occurred within the Southern District of New York. To satisfy this venue requirement only, the Government need not meet the burden of proof beyond a reasonable doubt. It need not meet that standard on the venue requirement and the venue requirement only. The Government meets its burden of proof if it establishes by a preponderance of the evidence – simply tips the scale in its favor – that an act in furtherance of the crime occurred within the Southern District of New York. A preponderance of the evidence means that something is more likely than not.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 3-11.; the charge of the Honorable William H. Pauley, III in *United States v. Rahman*, 09 Cr. 442 (WHP) (S.D.N.Y. 2009); the charge of the Honorable Michael B. Mukasey in *United States v. Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), Tr. at 439; and the charge of the Honorable Charles S. Haight, Jr. in *United States v. Rogers*, 90 Cr. 377 (CSH) (S.D.N.Y. 1991). *See also United States v. Gonzalez*, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard).

**REQUEST NO. 33**

**Time of Offense**

Each Count of the Indictment alleges an approximate date range or time period.  It is sufficient if you find that the charged conduct that you are considering occurred around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

> Adapted from the charges given in *United States v. Alvarado-Matriller*, 94 Cr. 723 (JGK), and *United States v. Martinez*, 97 Cr. 313 (HB).

## REQUEST NO. 34

### Law Enforcement and Government Employee Witnesses

You have heard testimony from law enforcement officials and employees of the Government.  The fact that a witness may be employed by the Federal Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 7-16.

43

## REQUEST NO. 35

### Formal / Informal Immunity of Government Witnesses

*[If applicable]*

You have heard the testimony of witnesses who have testified under a grant of immunity from this Court (formal immunity), or who have been promised by the Government in written agreements that in consideration for their truthful testimony and cooperation with the Government, they will not be prosecuted for any crimes which they may have admitted either here in court or in interviews with the prosecutors (informal immunity).  With respect to both categories of witnesses, what this means is that the testimony of the witness may not be used against him or her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by Order of this Court.  Similarly, the Government is permitted to enter into non-prosecution agreements and is entitled to call as witnesses people to whom these promises have been given.  You may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity by the Court, or who has been given a written non-prosecution agreement by the Government, should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

44

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

One final note in this regard. It is no concern of yours why the Government sought a grant of immunity from a Court or entered into a non-prosecution agreement. Your sole concern is to decide whether the witness was giving truthful testimony in this case before you. In sum, you should look to all the evidence in deciding what credence and what weight, if any, you will give to a witness's testimony.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 7-8.

**REQUEST NO. 36**

**Expert Testimony**

*[If applicable]*

You have heard testimony from a witness/certain witnesses who was/were proffered as (an) expert(s) in different areas.  An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

You should not, however, accept a witness's testimony merely because he or she is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 7-21.

**REQUEST NO. 37**

**Character Testimony**

*[If Applicable]*

You have heard testimony that the defendant has a good reputation for [to be completed as appropriate].

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's reputation for [to be completed as appropriate] when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.

> Adapted from the charge in *United States v. Pujana- Mena*, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

47

## REQUEST NO. 38

### Defendant's Testimony

*[Requested only if the defendant testifies]*

[The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction:]

The defendant testified at trial and was subject to cross-examination.  You should examine and evaluate this testimony just as you would the testimony of any witness with an interest in the outcome of the case.

*See United States v. Gaines*, 457 F.3d 238, 249 (2d Cir. 2006).

**REQUEST NO. 39**

**Defendant's Right Not to Testify**

*[If requested by defense]*

The defendant did not testify in this case.  Under our Constitution, a defendant has no

obligation to testify or to present any evidence, because it is the Government's burden to prove

a defendant guilty beyond a reasonable doubt.  That burden remains with the Government

throughout the entire trial and never shifts to a defendant.  A defendant is never required to

prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.

No adverse inference against them may be drawn by you because the defendant did not

take the witness stand.  You may not consider this against the defendant in any way in your

deliberations in the jury room.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr.
5-21.

**REQUEST NO. 40**

**False Exculpatory Statements**

You have heard or seen statements by the defendant in which he made statements that may be consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant attempted to exculpate himself are false.  If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 6-11

**REQUEST NO. 41**

**Uncalled Witnesses – Equally Available to Both Sides**

There are people whose names you heard during the course of the trial but did not appear to testify.  [If applicable: One or more of the attorneys has referred to their absence from the trial.] I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 6-7.

## REQUEST NO. 42

### Particular Investigative Techniques Not Required

*[If applicable]*

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of the Honorable John F. Keenan in *United States v. Medina*, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

## REQUEST NO. 43

### Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial from the fact that any person in addition to the defendant is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from the charge of the Honorable Henry F. Werker in *United States v. Barnes*, S 77 Cr. 190 (S.D.N.Y. 1977), *aff'd*, 604 F.2d 121, 147 (2d Cir. 1979).

## REQUEST NO. 44

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

You may consider that fact when you are evaluating a witness's credibility.  But I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adopted from the charge of the Honorable Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

**REQUEST NO. 45**

**Charts and Summaries – Not Admitted As Evidence**

*[If Applicable]*

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence.  At the time they were shown to you, I have noted this fact to you. For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.  To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008), and Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-13.

**REQUEST NO. 46**

**Charts and Summaries – Admitted as Evidence**

*[If Applicable]*

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.

> Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-12. *See also* Fed. R. Evid. 1006.

**REQUEST NO. 47**

**Use of Recordings, Text Messages, and E-Mails**

Recordings of telephone conversations, text messages, and e-mails have been admitted into evidence.  I instruct you that this evidence was obtained in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions regarding the obtaining of such evidence, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt. What weight you give these materials, if any, is completely within your discretion.

Adapted from charge of the Honorable Michael B. Mukasey in
*United States v. Joseph Brideson et al.*, S6 00 Cr. 1118 (MBM).

**REQUEST NO. 58**

**Use of Evidence Obtained Pursuant to a Search**

You have heard testimony from law enforcement officers that evidence was seized during a search.  I instruct you that the search as described by those officers was an entirely permissible and appropriate law enforcement action, and evidence found during such a search is properly admitted as evidence in this case.  Whether you approve or disapprove of any search should not enter into your deliberations.  As with any witness, it is entirely your decision as jurors whether and to what extent you credit a law enforcement officer's testimony.  However, if you find that such a search in fact occurred, I instruct you that you are to give full consideration to any evidence that you conclude was obtained during a search of the defendant—along with all the other evidence in the case—because the Government's use of such evidence was entirely lawful.

## REQUEST NO. 49

### Stipulations

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true. In such cases, you must accept those facts as true.

> Adapted from the charge of the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992), and from Sand, et al., *Modern Federal Jury Instructions*, Instrs. 5-6 & 5-7.

### CONCLUSION

Members of the jury, that about concludes my instructions to you. You are about to go into the jury room to begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to see them.  If you want any of the testimony read back or any of the recordings played again, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that from the Court.  If there is any doubt or question about the meaning of any part of this charge, you should send me a note asking for clarification or for a further explanation.  Your requests for exhibits or testimony – in fact any communications with the Court – should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Many of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  Any difference between a juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

Your verdict must be based solely upon the evidence developed at trial or the lack of

evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about any defendant's race, religion, national origin, sex, or age.  The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.  It is your duty, as jurors, however, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

You should by your own vote select one of you to sit as your foreperson.  The foreperson will send out any notes, and when the jury has reached a verdict, he or she will

notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

We have prepared a verdict form for you to use in recording your decisions.  After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note. Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in.  If you are divided, do not report how the vote stands.

I will stress again that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, Ladies and Gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.


Dated: New York, New York
       May 10, 2019

                                        Respectfully submitted,
                                        GEOFFREY S. BERMAN
                                        United States Attorney

                        By:     _____/s/_____
                                        Michael Krouse
                                        Ni Qian
                                        Assistant United States Attorneys